SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MARK G. RACKERS, Cal. Bar No. 254242
MELISSA A. FREELING, Cal. Bar No. 327684
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:    619.338.6500
Facsimile:    619.234.3815
E mail       mrackers@sheppardmullin.com
              mfreeling@sheppardmullin.com

Attorneys for GREYSTAR CALIFORNIA, INC. and improperly named GREYSTAR REAL ESTATE PARTNERS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ZACHARY ZEFF, an individual, on behalf of himself and on behalf of others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>GREYSTAR REAL ESTATE PARTNERS, LLC, a Delaware Limited Liability Company,<br><br>       Defendant. | Case No. 3:20-cv-07122-EMC<br><br>**CLASS ACTION**<br><br>**GREYSTAR REAL ESTATE PARTNERS, LLC'S ANSWER TO COMPLAINT**<br><br>Assigned to: Judge Edward M. Chen<br>Dept: 5 – 17th Floor<br><br>Complaint Filed: October 13, 2020 |

Defendant Greystar Real Estate Partners, LLC ("GREP"), hereby answers Plaintiff Zachary Zeff's ("Zeff's") complaint ("Complaint") and admits, denies, and alleges as follows:

**INTRODUCTION**

1. GREP lacks sufficient information or belief to answer the allegation that it is "the largest owner and operator of apartments in the United States and second largest owner and operator of student housing," and on that basis denies each and every allegation contained therein. GREP denies that its profits are a result of "numerous and unrelenting fees and penalties that it charges to tenants" and GREP denies that it has or "takes advantage" of a "power imbalance" over its tenants by "thrusting illegal late fee penalties on its tenants, utility fees, utility 'administration' fees and penalties, and others, in an effort to squeeze all it can from its tenants[.]" The remaining allegations in paragraph 1 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

2. GREP denies that it manages apartment complexes in California and therefore denies that it charges fees or engages in any of the practices described in paragraph 2.

3. GREP denies that it has violated any statutes, including Civil Code § 1671, denies that it has engaged in "illegal" conduct, and denies that it has utilized a "penalty scheme" that is "excessive, and bears no relation to any actual damages incurred by Defendant when rent or other fees are paid late." The remaining allegations in paragraph 3 call for a legal conclusion and no response is required.

4. GREP denies that it has violated any statutes, including Civil Code § 1950.5. GREP denies that it manages apartment complexes in California and therefore denies that it "systematically" takes "illegal deductions from tenant security deposits" at "the end of all tenancies," and denies that it is "uninterested in timely returning tenant

security deposit money." The remaining allegations in paragraph 3 call for a legal conclusion and no response is required.

5. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that Zeff "rented from [GREP]." GREP also denies that it charged Zeff any "illegal penalties," and that it "failed to timely return his security deposit upon move out or sufficiently document … security deposit deductions." The remaining allegations in paragraph 5 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

## JURISDICTION AND VENUE

6. The allegations in paragraph 6 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

7. GREP admits that venue is proper in this judicial district. The remaining allegations in paragraph 7 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

## THE PARTIES

8. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that Zeff "was a tenant of Defendant [GREP]" and that it engaged in any of the practices described in paragraph 8. The remaining allegations in paragraph 8 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

9. GREP admits that it is a Delaware LLC with its main headquarters in Charleston, South Carolina, but GREP denies that it managed Zeff's apartment complex during the subject tenancy. GREP also denies that it is or ever was Zeff's landlord and denies that it charged and/or collected any fees/penalties described in the Complaint. In

addition, GREP denies that it was responsible for the timely return of Zeff's security deposit. The remaining allegations in paragraph 9 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

## ADDITIONAL FACTS COMMON TO CLASS MEMBERS

10. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it engages in the practices described in paragraph 10. The remaining allegations in paragraph 10 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

11. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it engaged in the practices described in paragraph 11.

12. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it engaged in the practices described in paragraph 12.

13. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it engaged in the practices described in paragraph 13.

14. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it engaged in the practices described in paragraph 14.

15. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it engaged in the practices described in paragraph 15. As to the remaining allegations in paragraph 15, GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

16. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it engaged in the practices described in paragraph 16. As to the remaining allegations in paragraph 16, GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

17. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it assessed any "illegal penalties." In addition, the allegation that GREP assessed an "illegal" penalty calls for a legal conclusion and, on that basis, GREP denies such allegation. As to the remaining allegations in paragraph 17, GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

18. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it has failed to comply with any applicable laws, including Civil Code § 1950.5. The remaining allegations in paragraph 18 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

19. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it has "virtually unchecked power to collect whatever fee it wants, when it wants, no matter how illegal it may be." GREP denies that it does not comply with all applicable laws. The remaining allegations in paragraph 19 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

20. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it engaged in the practices described in paragraph 20. The remaining allegations in paragraph 20 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

21. GREP denies the allegations in paragraph 21 of the Complaint.

22. GREP denies that it managed Zeff's apartment complex and therefore denies that it is subject to the analysis under Cal. Civ. Code § 1671(d) in relation to Zeff's subject

tenancy. The remaining allegations in paragraph 22 call for a legal conclusion and no response is required.

23. GREP denies that "it is not difficult or infeasible to calculate damages from late rent." The remaining allegations in paragraph 23 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

24. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it engaged in the practices described in paragraph 24. The remaining allegations in paragraph 24 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

25. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it engaged in the practices described in paragraph 25. GREP also denies that GREP's alleged practices have "cost Plaintiff, and many class members in the aggregate, millions of dollars."

## CLASS ALLEGATIONS

26. GREP denies that this action is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), and/or (b)(3).

27. Answering the allegations in paragraph 27 of Zeff's Complaint, GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

28. The allegations in paragraph 28 call for a legal conclusion and no response is required.

29. GREP denies that Zeff can establish the requisite numerosity to maintain this action as a class action. The remaining allegations in paragraph 29 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

30. GREP denies that it manages apartment complexes in California and therefore denies the allegations in paragraph 30 of the Complaint.

31. The allegations in paragraph 31 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

32. GREP denies that common questions of law and fact predominate as required to maintain this action as a class action. GREP denies that it manages apartment complexes in California and therefore denies it "set" fees or engaged in any conduct described in paragraph 32. GREP also denies that it violated any laws or public policies. The remaining allegations in paragraph 32 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

33. GREP denies that Zeff can establish the requisite typicality to maintain this action as a class action. GREP denies that it manages apartment complexes in California and therefore denies that it "charged everyone the same penalty for the same reasons (or lack thereof)." The remaining allegations in paragraph 33 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

34. GREP denies that this action is suitable for class certification and denies that "a class action is superior to other available means for the fair and efficient adjudication of this controversy." GREP denies that common questions of law and fact predominate over questions affecting only individual class members. The remaining allegations in paragraph 34 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

# FIRST CAUSE OF ACTION

## (Imposition of an Illegal Penalty – Cal. Civ. Code § 1671)

35. Answering paragraph 35 of Zeff's Complaint, GREP incorporates by reference its responses to paragraphs 1 through 34, inclusive, of Zeff's Complaint.

36. GREP denies that it managed Zeff's apartment complex and therefore denies that it is a party to Zeff's lease during the subject tenancy.  GREP denies that it is subject to analysis under Cal. Civ. Code § 1671(c)(2) in relation to Zeff's subject tenancy.  GREP lacks sufficient information or belief to answer the remaining allegations in paragraph 36, and on that basis denies each and every allegation contained therein.

37. The allegations in paragraph 37 call for a legal conclusion and no response is required.

38. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it is responsible for the late fee policy challenged in this action.  However, GREP denies that actual damages sustained due to delinquent payment of rent or other outstanding balances are "neither impracticable nor extremely difficult to fix" and that the late fee policy at the subject property is not the result of a reasonable effort to estimate fair compensation for actual damages sustained.  GREP lacks sufficient information or belief to answer the remaining allegations in paragraph 38, and on that basis denies each and every allegation contained therein.

39. GREP denies that the late rent policy at the subject property is unlawful pursuant to California Civil Code section 1671(d).  The remaining allegations in paragraph 39 call for a legal conclusion and no response is required.

# SECOND CAUSE OF ACTION

## (Illegal Deductions from Security Deposits – Cal. Civ. Code § 1950.5)

40. Answering paragraph 40 of Zeff's Complaint, GREP incorporates by reference its responses to paragraphs 1 through 39, inclusive, of Zeff's Complaint.

41. The allegations in paragraph 41 call for a legal conclusion and no response is required.

42. GREP denies the allegations in paragraph 42 of the Complaint.

43. GREP denies that it engaged in the "course of conduct described above." The remaining allegations in paragraph 43 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

44. GREP denies that it acted in bad faith within the meaning of Civil Code section 1950.5(l). The remaining allegations in paragraph 44 call for a legal conclusion and no response is required.

## THIRD CAUSE OF ACTION

**(Violation of California's Unfair Competition Law – Cal. Bus. & Prof. Code §§ 17200, *et seq*.)**

45. Answering paragraph 45 of Zeff's Complaint, GREP incorporates by reference its responses to paragraphs 1 through 44, inclusive, of Zeff's Complaint.

46. GREP denies that it has engaged in unlawful, unfair, or fraudulent business acts or practices within the meaning of California Business and Professions Code section 17200, *et seq.* and California Civil Code section 1671. The remaining allegations in paragraph 46 call for a legal conclusion and no response is required.

47. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it engaged in the practices described in paragraph 47. GREP also denies that the late fee policy or tenant security deposit practices at the subject property are "driven purely by anticipated profits and without regard to their legality." The remaining allegations in paragraph 47 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

48. GREP denies that it manages apartment complexes in California and therefore denies that it engages in the practices described in paragraph 48. The remaining allegations in paragraph 48 either call for a legal conclusion and no response is required or

GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

49. GREP denies that it manages apartment complexes in California and therefore denies that it engages in the practices described in paragraph 49. The remaining allegations in paragraph 49 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

50. GREP denies that "Plaintiff and all Class members have suffered injury in fact and lost money or property" as a result of GREP's business acts or practices. The remaining allegations in paragraph 50 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

51. GREP denies that it "has reaped unfair benefits and illegal profits" as a result of "unlawful business acts and practices." The remaining allegations in paragraph 51 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

52. The allegations in paragraph 52 call for a legal conclusion and no response is required.

53. GREP denies the allegations in paragraph 53 of the Complaint.

54. The allegations in paragraph 54 call for a legal conclusion and no response is required.

55. GREP denies the allegations in paragraph 55 of the Complaint.

56. GREP denies that it manages apartment complexes in California and therefore denies that it engages in "unlawful late fee and security deposit policies." The remaining allegations in paragraph 56 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment/Quasi-Contract)

57. Answering paragraph 57 of Zeff's Complaint, GREP incorporates by reference its responses to paragraphs 1 through 56, inclusive, of Zeff's Complaint.

58. No response is required to the allegations in paragraph 58 of the Complaint.

59. GREP denies the allegations in paragraph 59 of the Complaint.

60. GREP denies the allegations in paragraph 60 of the Complaint.

61. GREP denies the allegations in paragraph 61 of the Complaint.

62. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it retained revenues derived from Zeff and his fellow tenants. The remaining allegations in paragraph 62 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

63. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that it retained revenues derived from Zeff and his fellow tenants. The remaining allegations in paragraph 63 call for a legal conclusion and no response is required.

## FIFTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the Late Rent Penalties)

64. Answering paragraph 64 of Zeff's Complaint, GREP incorporates by reference its responses to paragraphs 1 through 63, inclusive, of Zeff's Complaint.

65. The allegations in paragraph 65 call for a legal conclusion and no response is required.

66. GREP denies that it managed Zeff's apartment complex during the subject tenancy and therefore denies that its "late fee policies and practices" are at issue in this action. The remaining allegations in paragraph 66 call for a legal conclusion and no response.

1    67.  The allegations in paragraph 67 call for a legal conclusion and no response is required.

2    68.  The allegations in paragraph 68 either call for a legal conclusion and no response is required or GREP lacks sufficient information or belief to answer the allegations, and on that basis denies each and every allegation contained therein.

3    69.  The allegations in paragraph 69 call for a legal conclusion and no response is required.

## AFFIRMATIVE DEFENSES

GREP asserts the following separate and distinct affirmative defenses as a preliminary response to Zeff's Complaint, to preserve its rights, and to preclude any claim of waiver. None of the allegations supporting these affirmative defenses should be construed as any admission by GREP regarding the facts relevant to this action. By alleging these affirmative defenses, GREP does not admit that it has the burden of proof and/or persuasion with respect to any of the matters stated in the affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

*Failure to State a Claim*

Zeff fails to state facts sufficient to state a claim or any cause of action.

### SECOND AFFIRMATIVE DEFENSE

*Failure to Join Indispensable Parties*

Zeff has failed to join necessary and indispensable parties to this action, including all owners of all properties affected by his class action claims. The owners of the properties are parties to the lease agreements containing the allegedly improper late fee provisions. The owners of the properties are the entities who receive and retain the late fees.

### THIRD AFFIRMATIVE DEFENSE

*Due Process*

Zeff's claims fail as to unnamed property owners and property managers who have the right to defend themselves in this action.

**FOURTH AFFIRMATIVE DEFENSE**

*Standing*

Zeff and/or the putative class lack standing to recover as they have not suffered an injury-in-fact. Zeff also lacks standing to represent putative class members who did not reside at Zeff's apartment complex.

**FIFTH AFFIRMATIVE DEFENSE**

*Arbitration/Class Action Waiver*

Zeff's claims and/or the claims of the putative class are subject to an enforceable arbitration provision and class action waiver.

**SIXTH AFFIRMATIVE DEFENSE**

*Compliance with the Law*

GREP's conduct was prescribed by law and GREP complied with that law. GREP is therefore shielded from liability.

**SEVENTH AFFIRMATIVE DEFENSE**

*Validity*

The late fees at the subject property are valid.

**EIGHTH AFFIRMATIVE DEFENSE**

*Estoppel*

The doctrine of estoppel bars Zeff from recovering.

**NINTH AFFIRMATIVE DEFENSE**

*Unclean Hands*

The doctrine of unclean hands bars Zeff from recovering.

**TENTH AFFIRMATIVE DEFENSE**

*Laches*

Zeff's unreasonable delay bars Zeff from recovering under the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

*Wavier*

The doctrine of waiver bars Zeff from recovering.

### TWELFTH AFFIRMATIVE DEFENSE

*Voluntary Payment*

The voluntary payment doctrine bars Zeff and the putative class from recovering.

### THIRTEENTH AFFIRMATIVE DEFENSE

*Contributory Negligence/Partial Fault of Plaintiff*

If Zeff has sustained any injury or is entitled to any damages under the circumstances alleged in the Complaint, or in any other respect, the intentional acts, negligence, carelessness, lack of due care, fault and/or unreasonable conduct of Zeff contributed in whole or in part to such damages.  Zeff is therefore wholly, or partially, responsible for any damages caused thereby.

### FOURTEENTH AFFIRMATIVE DEFENSE:

*Failure to Mitigate/Doctrine of Avoidable Consequences*

Zeff has failed to mitigate his damages and his claims are barred, or his recovery should be reduced, pursuant to the doctrine of avoidable consequences.

### FIFTEENTH AFFIRMATIVE DEFENSE:

*Consent*

Zeff consented to the actions of which he now complains.

### SIXTEENTH AFFIRMATIVE DEFENSE:

*Privilege*

GREP's actions were privileged, and thus shielded from liability.

### SEVENTEENTH AFFIRMATIVE DEFENSE:

*Justification*

GREP's actions were justified, and thus shielded from liability.

### EIGHTEENTH AFFIRMATIVE DEFENSE:

*Lack of Duty*

GREP owed no duty to Zeff.

**NINETEENTH AFFIRMATIVE DEFENSE:**

*Not "Unfair" Under Section 17200*

GREP's actions were not "unfair" within the meaning of Section 17200 *et seq*. of the California Business and Professions Code.

**TWENTIETH AFFIRMATIVE DEFENSE:**

*Not "Fraudulent" Under Section 17200*

GREP's actions were not "fraudulent" within the meaning of Section 17200 *et seq*. of the California Business and Professions Code.

**TWENTY-FIRST AFFIRMATIVE DEFENSE:**

*Not "Unlawful" Under Section 17200*

GREP's actions were not "unlawful" within the meaning of Section 17200 *et seq*. of the California Business and Professions Code.

**TWENTY-SECOND AFFIRMATIVE DEFENSE:**

*No Unjust Enrichment*

Because Zeff has not suffered any losses and GREP has not been unjustly enriched as a result of any action or inaction by GREP or their agents, Zeff is not entitled to any disgorgement or restitution.

**TWENTY-THIRD AFFIRMATIVE DEFENSE:**

*No Class Action*

Class treatment is inappropriate due to lack of commonality, typicality, and adequacy, and because a class action is not otherwise a superior method of adjudicating this dispute.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

*Res Judicata/Collateral Estoppel*

Zeff's claims are barred to the extent that a court of competent jurisdiction already determined the claims or issues asserted herein.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

*No Damages*

Zeff has not suffered, nor will he suffer, any injury from anything done by GREP.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

*Offset*

Zeff's damages must be offset by the amounts Zeff owes to, and/or by the amount of damages incurred by, GREP.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

*Superseding Cause*

The damages sustained by Zeff, if any, were the result of actions of Zeff or third parties constituting an intervening or superseding cause precluding any liability on the part of GREP.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

*Fault of Third Parties*

If Zeff sustained any injuries or is entitled to any damages under the circumstances alleged in his Complaint, or in any other respect, the negligent and/or intentional acts and omissions of third parties contributed in whole or in part to the damages complained of by Zeff.  GREP is entitled to a judicial determination of the proportion of fault of those third parties and to a reduction of damages, if any, awarded to Zeff in proportion to that fault.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

*Ratification*

Zeff's claims are barred because Zeff ratified the conduct complained of in his Complaint.

**THIRTIETH AFFIRMATIVE DEFENSE**

*Reasonableness and Good Faith of Defendant*

Zeff's claims are barred by the fact that GREP acted reasonably and in good faith at all times material herein, based on the relevant facts and circumstances known by GREP at the time GREP so acted.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

*Assumption of the Risk*

Zeff assumed the risk of loss associated with the activity or transaction.

## RESERVATION OF RIGHT TO AMEND

GREP presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. GREP reserves the right to amend its answer to incorporate additional affirmative defenses at a later time.

## PRAYER FOR RELIEF

WHEREFORE, GREP prays for relief as follows:

1. That Zeff take nothing by reason of his Complaint;

2. That judgment be entered in GREP's favor;

3. That GREP be awarded their reasonable costs and, if applicable, fees; and

4. That GREP be awarded such other and further relief as this Court deems just and proper.

Dated:  March 4, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     *s/ Mark G. Rackers*
MARK G. RACKERS
MELISSA A. FREELING

Attorneys for GREYSTAR CALIFORNIA, INC. and improperly named GREYSTAR REAL ESTATE PARTNERS, LLC

<div style="text-align:center">

**PROOF OF SERVICE**

**United States District Court for the Northern District of California**
**Zachary Zeff v. Greystar Real Estate Partners, LLC**
**3:20-cv-07122-EMC**

<u>STATE OF CALIFORNIA, COUNTY OF SAN DIEGO</u>

</div>

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 501 West Broadway, 19th Floor, San Diego, CA 92101-3598.

On March 4, 2021, I served true copies of the following document(s) described as

**GREYSTAR REAL ESTATE PARTNERS, LLC'S ANSWER TO COMPLAINT**

on the interested parties in this action as follows:

<div style="text-align:center">**SERVICE LIST**</div>

| | |
|---|---|
| Craig M. Nicholas<br>Alex Tomasevic<br>Ethan T. Litney<br>Nicholas & Tomasevic, LLP<br>225 Broadway, 19th Floor<br>San Diego, CA 92101 | Attorney for Plaintiff ZACHARY ZEFF<br>Tel:  (619) 325-0492<br>Fax: (619) 325-0496<br>Email: cnicholas@nicholaslaw.org<br>atomasevic@nicholaslaw.org<br>elitney@nicholaslaw.org |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 4, 2021, at San Diego, California.

*Pamela Parker*
_____
PAMELA PARKER