UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY ZEFF,<br><br>        Plaintiff,<br><br>    v.<br><br>GREYSTAR CALIFORNIA, INC.,<br><br>        Defendant. | Case No. 20-cv-07122-EMC<br><br>**ORDER RE DISCOVERY DISPUTE**<br><br>Docket No. 60 |

    The parties raise a dispute over the procedure to produce documents requested by Plaintiff which are likely to include attachments containing third parties' confidential information. Docket No. 60 ("Letter Br.") at 1. Defendant argues that Plaintiff's requests seek disclosure of proprietary information pertaining to third parties without first giving those parties a chance to challenge the demand. *Id.* at 2. Defendant also argues that Plaintiff's requests are overly burdensome. *Id.* Plaintiff responds that the Defendant's confidentiality concern is unfounded because the parties' protective order, Docket No. 36 § 9, applies and provides third parties with a process to object to confidential production. *Id.* at 3. Plaintiff also notes that he can refine his request by narrowing ESI search terms *after* the third-party confidentiality issue is addressed. *Id.*

    The Court agrees with Plaintiff's position.

    "'Confidentiality agreements do not bar discovery, and a general interest in protecting confidentiality does not equate to privilege.'" *See Valley Surgical Ctr. LLC. v. Cty. of Los Angeles*, No. CV1302265DDPAGRX, 2018 WL 2189458, at *4 (C.D. Cal. May 11, 2018) (citation omitted); *id.* (collecting cases); *Seegert v. Rexall Sundown, Inc.*, No. 17CV01243JAHJLB, 2019 WL 12044514, at *7 (S.D. Cal. Mar. 26, 2019) ("[T]he Court finds

persuasive case law holding that third-party confidentiality agreements, such as those here, should not and do not necessarily preclude a party from producing otherwise permissible discovery."); *Chevron Mining Inc. v. Skanska USA Civ. W. Rocky Mountain Dist., Inc.*, No. 19-CV-04144-LB, 2019 WL 11556844, at *1 (N.D. Cal. Sept. 13, 2019) ("[T]he fact that [a third party] and Skanska might have decided amongst themselves to enter into a confidentiality agreement does not bar the settlement from being discoverable under the Federal Rules of Civil Procedure in a litigation where Skanska is a defendant."). Defendant does not dispute that confidential information produced in the course of discovery will be subject to the parties' agreed-upon protective order, and the "protective order . . . will . . . protect [that] information." *In Re: Vizio, Inc., Consumer Privacy Litig.*, No. 8:16-ML-02693, Dkt. 260 at 14 (C.D. Cal. Feb 5. 2018). Thus, the Court finds no basis to block production of Plaintiff's request on this ground. Accordingly, per Plaintiff's position, the parties are instructed to continue to confer to address Defendant's concerns about proportionality, by discussing whether ESI search terms may be further narrowed. Letter Br. at 2-3.

This order disposes of Docket No. 60.

**IT IS SO ORDERED**.

Dated: May 5, 2022

_____
EDWARD M. CHEN
United States District Judge